# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### FORT LAUDERDALE DIVISION

Juan M. Urbina, Jr.
    Plaintiff

  v.

16cv60137-Martinez/Goodman

CAVALRY PORTFOLIO SERVICES, LLC,
CAVALRY SPV I, LLC,
ANDREU, PALMA, ANDREU, PL,
Michael S. Godner, Individually,
Juan G. Andreu, Individually,
Jorge L. Palma, Individually,
Desiree M. Andreu, Individually and,
Yulexy Solis Garcia, Individually
    Defendants

## COMPLAINT

Plaintiff, Juan M. Urbina, Jr., individually, hereby sues CAVALRY PORTFOLIO SERVICES, LLC, CAVALRY SPV I, LLC, ANDREU, PALMA, ANDREU, PL, Michael S. Godner, Individually, Juan G. Andreu, Individually, Jorge L. Palma, Individually, Desiree M. Andreu, Individually and Yulexy Solis Garcia, Individually for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692, the Florida Fair Credit Reporting Act (FCRA) 15 U.S.C. § 1681 *et seq.* and violations of the Florida Consumer Collection Practices Act (FCCPA) Part IV – Consumer Collection Practices Sec. 559.72.

## PRELIMINARY STATEMENT

1. This is an action for damages and injunctive relief brought by Plaintiff against Defendants CAVALRY PORTFOLIO SERVICES, LLC (CAVALRY), CAVALRY SPV I, LLC (SPV), ANDREU, PALMA, ANDREU, PL (APA), Michael S. Godner (Godner), Individually, Juan G. Andreu (Andreu), Individually, Jorge L. Palma (Palma), Individually, Desiree M. Andreu (DAndreu), Individually and Yulexy Solis Garcia (Solis), Individually for violations of

1

Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 and the Florida Consumer

Collection Practices Act (FCCPA) Part IV – Consumer Collection Practices Sec. 559.72.

2.   This is an action for damages and injunctive relief brought by Plaintiff against Defendant

CAVALRY PORTFOLIO SERVICES, LLC (CAVALRY) for violations of the Fair Credit

Reporting Act (FCRA) 15 U.S.C. § 1681 *et seq.*

3.   Upon belief and information, Plaintiff contends that many of these practices are

widespread for the Defendants.  Plaintiff intends to propound discovery to Defendants

identifying these other individuals who have suffered similar violations.

4.   Plaintiff contends that Defendants have violated such laws by repeatedly harassing

Plaintiff in attempts to collect an alleged consumer debt.

### JURISDICTION AND VENUE

5.   Jurisdiction of this Court arises under 15 U.S.C. §1681p, Fla. Stat. §47.051, 15 U.S.C.

§1692 and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

6.   Venue is proper pursuant to 28 U.S.C. §1391b and Fla. Stat. §559.77.  Venue in this

District is proper in that the Plaintiff resides here, the Defendants reside and/or transact business

here, and the conduct complained of occurred here.

7. This is an action for damages which exceed $76,000.00

### PARTIES

8.   Plaintiff, Juan M. Urbina, Jr. is a natural person and is a resident of the State of Florida.

Plaintiff is a consumer as defined by the FDCPA, 15 U.S.C. §1692a(3), the FCCPA, Fla. Stat.

§559.55(2) and FCRA, 15 U.S.C. §1681a(c).

9.   Upon information and belief Defendant CAVALRY PORTFOLIO SERVICES LLC is a

foreign corporation, authorized to do business in Florida with a principal place of business at 500

Summit Lake Drive, Suite 400, Valhalla, NY 10595.  .  The registered agent is C T

CORPORATION SYSTEM, 1200 South Pine Island, Road, Plantation, FL 33324. CAVALRY is a Florida licensed debt collector, license number CCA9902186 as defined under the FDCPA 15 U.S.C. §1692a(6), FCCPA, Fla. Stat. §559.55(6) and furnisher of information as defined by 15 U.S.C. § 1681s-2 and a "user of information" as defined by 15 U.S.C. §1681m.

10. Upon information and belief SPV is a foreign corporation, authorized to do business in Florida with a principal place of business at 500 Summit Lake Drive, Suite 400, Valhalla, NY 10595. The registered agent is C T CORPORATION SYSTEM, 1200 South Pine Island, Road, Plantation, FL 33324. SPV is a Florida licensed debt collector, license number CCA9902538 as defined under the FDCPA 15 U.S.C. §1692a(6) and FCCPA, Fla. Stat. §559.55(6).

11. Upon information and belief Defendant Godner is the owner/Chief Financial Officer of CAVALRY and SPV and is a debt collector, with a principal place of business at 500 Summit Lake Drive, Suite 400, Valhalla, NY 10595. Godner is a debt collector as defined under the FDCPA 15 U.S.C. §1692a(6) and FCCPA, Fla. Stat. §559.55(6).

12. Upon information and belief Defendant APA is a law firm and debt collector, authorized to do business in Florida with a principal place of business at 1000 NW 57th Ct, Suite 400, Miami, FL 33126. The registered agent is Juan G. Andreu, 1000 NW 57th Ct, Suite 400, Miami, FL 33126. APA is a debt collector as defined under the FDCPA 15 U.S.C. §1692a(6) and FCCPA, Fla. Stat. §559.55(6).

13. Upon information and belief Defendants Andreu, Palma and DAndreu are owners and partners of APA, are attorneys and debt collectors, with a principal place of business at 1000 NW 57th Ct, Suite 400, Miami, FL 33126. Defendants Andreu, Palma and DAndreu are debt collectors as defined under the FDCPA 15 U.S.C. §1692a(6) and FCCPA, Fla. Stat. §559.55(6).

14. Upon information and belief Defendant Solis is an employee of APA, is an attorney and debt collector, and works at 1000 NW 57th Ct, Suite 400, Miami, FL 33126. Defendant Solis is

3

a debt collector as defined under the FDCPA 15 U.S.C. §1692a(6) and FCCPA, Fla. Stat. §559.55(6).

## FACTUAL ALLEGATIONS

15. Defendants have alleged that Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and that Plaintiff is obligated to pay them. Plaintiff is a consumer as defined by the FDCPA, 15 U.S.C. §1692a(3), the FCCPA, Fla. Stat. §559.55(2) and FCRA, 15 U.S.C. §1681a(c).

16. All Defendants are debt collectors as defined under the FDCPA 15 U.S.C. §1692a(6) and FCCPA, Fla. Stat. §559.55(6).

17. CAVALRY is a furnisher of information as defined under 15 U.S.C. § 1681s-2 and a "user of information" as defined by 15 U.S.C. §1681m.

18. Upon information and belief, Godner is involved in the day to day activities of CAVALRY and SPV.

19. CAVALRY and SPV are individual companies with individual Florida collection licenses and are debt buyers.

20. Godner, CAVALRY and SPV are liable for the actions of APA, Andreu, Palma, DAndreu pursuant to the doctrine of Respondeat Superior because they conducted the actions described herein while acting under the direct control and decision making of Godner, CAVALRY and SPV for its direct benefit.

21. Upon information and belief, Andreu, Palma, DAndreu are involved in the day to day activities of APA.

4

22. APA, Andreu, Palma, DAndreu are liable for the actions of Solis pursuant to the doctrine of Respondeat Superior because he conducted the actions described herein while acting under the direct control and decision making of APA, Andreu, Palma and DAndreu for their direct benefit.

23. Each Defendant uses various instrumentalities of interstate commerce and the mails in the business for which the principal purpose is the collection of debts.

24. The CONSUMER FINANCIAL PROTECTION BUREAU (CFPB) has found in their investigations of two large debt buyers, Encore Capital Group, Inc., Midland Funding, LLC, Midland Credit Management, Inc. and Asset Acceptance Capital Corp. and Portfolio Recovery Associates, LLC have found that debt buyers purchase data information and that the sellers of the data disclaim accuracy of the amounts owed and will not provide "account level" documentation. Many of these purchase agreements state that the seller will not be in breach of the agreement if they cannot provide "account level documentation" for all accounts.

http://files.consumerfinance.gov/f/201509_cfpb_consent-order-encore-capital-group.pdf.

http://files.consumerfinance.gov/f/201509_cfpb_consent-order-portfolio-recovery-associates-llc.pdf. http://www.consumerfinance.gov/newsroom/cfpb-takes-action-against-the-two-largest-debt-buyers-for-using-deceptive-tactics-to-collect-bad-debts/

25. Defendants CAVALRY and SPV accomplish their debt-buying operation by purchasing multiple multimillion dollar portfolios of credit accounts that have been charged off by their original creditor. Most of these are credit card accounts.

26. When Defendants CAVALRY and SPV collectively purchase debt portfolios, they do not actually purchase anything other than the theoretical claim of ownership. There are no notes assigned. No contracts are transferred. All that Defendants actually purchase is an electronic list of consumers and their last known addresses with an amount the creditor claims to have been owed.

27. Defendants CAVALRY and SPV do not actually purchase and receive the credit contracts, their specific terms, payment histories, sales or billing documents and other documents absolutely necessary to properly prosecute and collect a debt or even to know with any reasonable degree of confidence that a specific debtor opened, used and then failed to pay a debt in a specific amount.

28. Defendants CAVALRY and SPV will in contested collection cases produce what is claimed to be an original cardmember agreement or document containing terms and conditions of a credit card account, these documents are false.  Instead, creditors who do transfer or make available later the "terms and conditions" or cardmember agreements do not provide Defendants the actual agreement or documents for that specific account.  Instead, the creditor provides and the Defendants retain only a generic sample contract, which they may later represent to Courts as the genuine contract for that specific consumer account.

29. Defendants are using the state courts to enforce the "return on investment" for their alleged debt purchases.

30. On November 17, 2010, Defendants caused a state lawsuit #10-18876-CC-05/04 to be filed and a summons issued against Plaintiff.  The Plaintiff was CAVALRY and no attorney signed the complaint (Exhibit A).

31. The state complaint alleged breach of contract, account stated and unjust enrichment.  The majority of the complaint contained third party hearsay as facts.  Attached to the complaint was an alleged copy of a Bill of Sale and Assignment of Loans from FIA Card Services to SPV, **not** Cavalry.

32. There was no payment history or accounting attached to the state complaint to support the amount owed nor a contract or agreement between Plaintiff and CAVALRY.

33. Plaintiff did not receive notice of an assignment of the debt prior to the filing of the complaint.

34. On January 3, 2011, the summons was returned without service.

35. On March 23, 2012, Plaintiff was served with the 2010 complaint.

36. On April 10, 2012, Plaintiff filed a Notice of Dispute in the state court case requesting proof of debt, a history of charges and payments thereon and chain of title.  CAVALRY, APA and Solis did not provide debt validation (Ex. B).

37. In April 2012, Plaintiff disputed CAVALRY PORTFOLIO SVCS tradeline that he found on his TRANSUNION and EXPERIAN credit reports (Ex. C).

38. Upon information and belief, the Plaintiff alleges that each CRA then forwarded his disputes to CAVALRY through the credit industry's "e-Oscar" system and in response to each dispute, CAVALRY simply responded that it had "verified" that the account belonged to it and was owed by Plaintiff.

39. The CRAs marked Plaintiff's CAVALRY tradeline as in dispute.

40. The FCRA requires a reasonable reinvestigation and a deletion of inaccurate information from the consumer's credit reports after said consumer has disputed the information being provided.

41. CAVALRY did not perform a reasonable reinvestigation and knowingly and willfully continued to furnish unverified, derogatory and inaccurate information to the CRAs since May 2012 to the present.

42. CAVALRY also knew when it received Plaintiff's disputes (or any consumer's dispute that a CAVALRY account was not his or her obligation) that it did not have any underlying documents – cardmember agreements, signed application, credit card statements, etc. – to support the debt.  CAVALRY's only lawful option was to delete the tradeline.

43. CAVALRY had actual knowledge that this is what the FCRA required - a "meaningful searching inquiry" and that CAVALRY could not re-report or "verify" the account tradeline to the CRAs when it lacked underlying documentation.

44. In 2000, the Federal Trade Commission held that the FCRA barred a debt buyer from "from "verifying" a tradeline disputed by a consumer when it did not possess the original documents. The FTC entered into a Consent Decree with Performance Capital Management, Inc. (PCM), a debt buyer and furnisher of credit information subject to § 1681s-2.  Among the FTC's allegations was that upon receiving a CDV form from a CRA, "it is the practice of PCM to compare the name, address, and information in PCM's computer database with the information provided on each consumer dispute verification form.  Where the two match, PCM reports that is has verified as accurate the information in its file."  The FTC alleged that "verifying information in the computerized PCM file does not constitute an 'investigation' for purposes of Section 623(b) [§ 1681s-2(b13)]."  The FTC's Consent Decree remedied this noncompliance with § 1681s-2(b) with entry of the following injunction enjoining PCM from:

> failing to properly investigate consumer disputes, as required by Section 623(b) of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b), when consumer reporting agencies refer disputes to the defendant pursuant to Section 611(a)(2), 15 U.S.C. § 1681i(a)(2).  In order to comply with Section 623(b) when a consumer disputes the accuracy of information reported by the defendant to a consumer reporting agency, defendant shall either verify the information with the original account records within the time period set forth in the Fair Credit Reporting Act or take all necessary steps to delete the information from the files of all consumer reporting agencies to which the information was reported. In any situation where the defendant either knows that no original records exist, or is informed by the original creditor that no records exist, the defendant shall, within five business days after receiving the consumer dispute, notify all consumer reporting agencies to which the information has been provided that the information is to be deleted

from the file of the consumer who has disputed the account; (Emphasis added). Consent Decree, Order, Section II.

45. Further, in circumstances in which the furnisher (like CAVALRY) lacks underlying account documents, like the credit card application, it can "not conclusively verify" that the consumer was obligated.

46. The monthly inaccurate reporting of Plaintiff's false tradeline to the CRAs was a separate, distinct and unique event.

47. Plaintiff filed a Motion to Dismiss the state case on October 29, 2012.

48. The state case was inactive until February 2015 when a hearing was set for May 19, 2015.

49. On April 15, 2015, Plaintiff filed in the state case an Amended Motion to Dismiss when he discovered that the Bill of Sale attached to the complaint identified SPV, not CAVALRY.

50. On May 19, 2015, at the state court hearing, Defendants CAVALRY and Solis pled with the court to not dismiss the complaint because Defendants would not be able to re-file the lawsuit due to the expiration of the statute of limitations, even though the case was almost five years old and the Defendants failed to move the case for two and a half years.

51. In 2010, Defendants knew or should have known that SPV was the Plaintiff in the state case, not CAVALRY.

52. On May 30, 2015, the Defendants CAVALRY, SPV and Solis filed in the state case a Motion to Substitute Party due to Plaintiff's observation that CAVALRY could not be the Plaintiff in the state case. The new Plaintiff is SPV instead of CAVALRY because the exhibit identified SPV as the alleged Plaintiff (Ex. D).

53. On June 2, 2015, without permitting Plaintiff an opportunity to object, the state court granted Defendants' Motion.

9

54. On June 10, 2015, Plaintiff filed his Motion in Opposition to Defendants' substitution and requested a Hearing.

55. On November 3, 2015, the state court allowed Defendants CAVALRY, SPV and Solis to amend the complaint. The Defendants agreed to remove the Breach of Contract claim because they could not provide the contract to Plaintiff as requested on April 2012.

56. On November 10, 2015, Plaintiff sent via certified mail a debt validation letter to all Defendants (Ex. E) which was received on November 16, 2015. As of this date, they have not provided a history of charges or how the amount demanded in the state complaint was calculated, copies of any agreements between Plaintiff and chain of title.

57. Plaintiff has not received an assignment of the debt from SPV.

58. On November 18, 2015, despite not providing debt validation to Plaintiff as required under the FDCPA, Defendants filed an Amended complaint without the Breach of Contract Count, included account stated and unjust enrichment (Ex. F).

59. The Amended Complaint still contained third party hearsay as facts.

60. The elements of the account stated cause of action expressly draw a distinction between suits that grow out of course of dealing and suits that grow out of an express agreement. *Central Nat'l Bank of San Angelo v. Cox 96, S.W. 2nd. 746,74,* the court said:

- The cases are legion on what constitutes an account stated. In general the essential elements are: Transactions between the parties which give rise to an indebtedness of one to the other; an agreement expressed or implied, between them fixing the amount due; and a promise, express or implied, by the one to be charged, to pay such indebtedness.
- The first and defining element of the claim is the existence of a debtor-creditor relationship that arises from a series of transactions – from a course of dealing, not a contract. This element is identical across all suits on account, whether open, sworn or stated.

61. Plaintiff never had an account with Defendants.

62. The Amended Complaint contains a count for Unjust Enrichment, a claim that requires a benefit conferred on the Plaintiff by the Defendant.  The elements of an unjust enrichment claim are:

> (1) a benefit conferred upon a defendant by the plaintiff;
>
> (2) the defendant's appreciation of the benefit; and
>
> (3) the defendant's acceptance and retention of the benefit under circumstances that make it inequitable for the defendant to retain it without paying the value of the benefit.

63.  Plaintiff never received any money or benefit from any of the Defendants.

64. On December 10, 2015, Plaintiff discovered that CAVALRY requested his credit report on April 14, 2015 while in Litigation (Ex. G).  Plaintiff requested the reason for the credit pull in his December 11, 2015 debt validation letter received by Defendants on December 14, 2015 (Ex. H).  Defendants have not responded.

65.  CAVALRY is a debt collector collecting its debt purchases.  CAVALRY is not a creditor, is not licensed as a creditor and has no permissible purpose to request Plaintiff's credit report during litigation.

66. 15 U.S. Code § 1681q - Obtaining information under false pretenses:

> Any person who knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses shall be fined under title 18, imprisoned for not more than 2 years, or both.

67.  On December 11, 2015, Plaintiff filed his Motion to Dismiss the Amended Complaint.

68.  TRANSUNION and EXPERIAN are consumer reporting agencies as defined by the FCRA, 15 U.S.C. § 1681a(f).

69.  The continued reporting of false and erroneous information to the credit reporting agencies without performing proper reinvestigation after a consumer disputes violates 15 U.S.C. §1681 s-2(b) the first time a violation occurs each and every time the furnisher knowingly and willfully does so.

70.  Each time CAVALRY furnishes information to the CRAs without first performing a reasonable reinvestigation after that reinvestigation has been demanded constitutes a new and separate deliberate violation of the statute.

71.  Courts have consistently held that any person who willfully fails to comply with any requirement of the FCRA may be liable for punitive damages, 15 U.S.C. § 1681n.  To establish willful noncompliance, a Plaintiff must prove that the Defendant(s) "knowing and intentionally committed an act in conscious disregard for the rights of others' need not show "malice or evil motive".

72.  Plaintiff's credit report has been provided to third parties.

73.  The inaccuracies include but are not limited to: original creditor, the status of the dispute, the amount of the alleged debt, the alleged past due amount, the monthly amounts owed, etc.

74.  Plaintiff never had an account with CAVALRY or SPV and CAVALRY should never have reported a negative, derogatory, inaccurate tradeline to the CRAs.

75.  CAVALRY's reporting of a false tradeline to the CRAs on Plaintiff's credit report was done in order to force Plaintiff to pay them.

76.  Discovery of the credit reporting violations occurred on August 30, 2015.

77.  Plaintiff suffered damage to his reputation, his time and his ongoing distress over the subject debt.

78.  Plaintiff attempted to settle these matters with Defendants prior to bringing this action.

### COUNTS I THROUGH LXII
### WILLFUL AND NEGLIGENT VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), FLA. STAT. §559(Part VI) BY DEFENDANTS CAVALRY PORTFOLIO SERVICES, LLC, CAVALRY SPV I, LLC, Michael S. Godner,  ANDREU, PALMA, ANDREU, PL, Juan G. Andreu, Jorge L. Palma, Desiree M. Andreu, and Yulexy Solis Garcia.

79. Plaintiff alleges and incorporates the information in paragraphs 1 through 78.

80. Plaintiff is a consumer within the meaning of the FCCPA, Fla. Stat. §559.55(2).

81. CAVALRY, SPV, APA, Godner, Andreu, Palma, DAndreu and Solis are debt collectors within the meaning of the FCCPA, Fla. Stat. §559.55(6).

82. Defendants willfully and negligently violated the FCCPA. Defendants' violations include, but are not limited to the following:

83. Florida Statute 559.715 reads:

> Assignment of consumer debts.--This part does not prohibit the assignment, by a creditor, of the right to bill and collect a consumer debt. However, the assignee must give the debtor written notice of such assignment within 30 days after the assignment. The assignee is a real party in interest and may bring an action in a court of competent jurisdiction to collect a debt that has been assigned to such assignee and is in default.

84. CAVALRY and SPV never provided to Plaintiff notice of an assignment of the debt nor is an assignment of debt recorded in public records.

85. FL Statute §559.72(9) reads:

> (9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist.

86. CAVALRY and APA filed a state complaint on November 17, 2010 knowing that Plaintiff did not owe a debt. SPV, APA, Godner, Andreu Palma, DAndreu and Solis caused to be filed an Amended state complaint on November 11, 2015 alleging third party hearsay facts, without any proof, knowing that their claim is false.

87. Defendants reported knowingly reported a false tradeline on Plaintiff's credit report since 2012 in order to force Plaintiff to pay Defendants in order to remove the tradeline. Defendants admitted they had a false tradeline when they changed parties in the state complaint from CAVALRY to SPV, almost five years later.

88. Defendants amended their state complaint when they knew they could not produce a contract showing Plaintiff owed Defendants anything as alleged and continued to allege an accounts stated and unjust enrichment claim knowing that Plaintiff does not have an account with Defendants and never received any benefit from Defendants.

**WHEREFORE**, Plaintiff demands judgment for damages against CAVALRY PORTFOLIO SERVICES, LLLC, CAVALRY SPV I, LLC, Michael S. Godner, ANDREU, PALMA, ANDREU, PL, Juan G. Andreu, Jorge L. Palma, Desiree M. Andreu, and Yulexy Solis Garcia for actual damages as they may bear and/or statutory damages, punitive damages, declaratory and injunctive relief, attorney's fees and costs, pursuant to Fla. Stat §559.77, damages if the state case succeeds and awarding such other and further relief as the Court may deem just and proper.

## COUNTS LXIII THROUGH LXXXVIII
## WILLFUL AND NEGLIGENT VIOLATIONS OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681 et seq BY DEFENDANT CAVALRY PORTFOLIO SERVICES, LLC.

89. Plaintiff alleges and incorporates the information in paragraphs 1 through 88.

90. CAVALRY willfully and negligently violated the FCRA when it continued to report erroneous and derogatory information for over twenty four months to EXPERIAN and TRANSUNION after receiving Plaintiff's debt validation requests and disputes in violation of the FCRA 15 U.S.C. § 1681s-2(a)(1)(B)(i),(ii).

91. CAVALRY violated 15 U.S.C. § 1681s-2(b) by its failure to assure that a proper reinvestigation was conducted after receiving Plaintiff's disputes directly or through the CRAs. These inaccurate account reports on Plaintiff's credit report for more than twenty four months damaged his credit score and reputation.

92. CAVALRY violated the Fair Credit Reporting Act, 15 U.S.C.§1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes regarding the account, and/or by reporting inaccurately the results of such investigation

93. As a result of this conduct, action and inaction of CAVALRY, Plaintiff suffered actual damages including without limitation, by example only and as described herein: loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

94. CAVALRY's conduct, action and inactions were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, CAVALRY was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

95. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from CAVALRY in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

96. FCRA U.S.C. §1681o states:

Civil liability for negligent noncompliance (a) In general.  Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of -- (1) any actual damages sustained by the consumer as a result of the failure; and (2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court. FCRA U.S.C. §1681n states:

(a) **In general**

Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of—

(1)

(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or

(B) in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $1,000, whichever is greater;

(2) such amount of punitive damages as the court may allow; and

(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

97. Plaintiff requested several debt validation requests from CAVALRY and it willfully and/or negligently reported to the CRAs inaccurate information.

98. Plaintiff disputed the account with the CRAs and the CRAs requested CAVALRY'S verification of the tradelines.  These inaccurate tradeline reports on Plaintiff's credit report for more than two years damaged his credit score and reputation.

99. CAVALRY knowingly and inaccurately reported a disputed account on Plaintiff's credit report and knowingly and willfully caused damage to Plaintiff by reducing Plaintiff's credit score since May 2012.

100.  15 U.S. Code § 1681q - Obtaining information under false pretenses:

Any person who knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses shall be fined under title 18, imprisoned for not more than 2 years, or both.

101.  CAVALRY requested Plaintiff's credit report on April 14, 2015 while in litigation with Plaintiff.  CAVALRY was never Plaintiff's creditor, was not collecting for an alleged creditor and is a debt buyer collecting its own debt.  It had no permissible purpose to request Plaintiff's credit report.

**WHEREFORE**, Plaintiff demands judgment for damages against Defendant CAVALRY PORTFOLIO SERVICES, LLC for actual damages as they may bear and/or statutory damages, punitive damages, declaratory and injunctive relief, attorney's fees and costs, pursuant to FCRA

15 U.S.C. §1681n and §1681o and other damages if the state case succeeds and awarding such other and further relief as the Court may deem just and proper.

## COUNTS LXXXIX THROUGH CVIII
## VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT (FDCPA), 15 U.S.C. §1692 BY DEFENDANTS CAVALRY PORTFOLIO SERVICES, LLC, CAVALRY SPV I, LLC, Michael S. Godner,  ANDREU, PALMA, ANDREU, PL, Juan G. Andreu, Jorge L. Palma, Desiree M. Andreu, and Yulexy Solis Garcia

102.  Plaintiff alleges and incorporates the information in paragraphs 1 through 101.

103.  False or misleading representations15 U.S.C. §1692e (2):

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of –

(A) the character, amount, or legal status of any debt;

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

104.  Defendants CAVALRY, APA, Solis caused to be filed a false and misleading complaint against Plaintiff, including the character, amount and legal status of the alleged debt. The Plaintiff in the state case complaint did not match the exhibit submitted with it, Defendants CAVALRY, SPV and Solis admitted the error and requested it be changed almost five years later after Plaintiff pointed out the error.

105.  Defendants CAVALRY, SPV and Solis entreated the court to allow them to change the party because they would not be allowed to re-file the complaint because they were outside the statute of limitations.

106. Defendants deceptively represented that Plaintiff owed CAVALRY a debt and filed a false complaint and reported a false tradeline to the CRAs since May 2012 in order to force Plaintiff to pay the alleged debt.

107. Defendants claimed Account Stated, Unjust Enrichment in the state case against Plaintiff knowing that Defendants never had an account with Plaintiff nor did Defendants ever provide any money or benefit to Plaintiff. Defendants' state complaint is a sham.

108. Unfair practices 15 U.S.C. §1692f:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

109. Defendants' state complaint does not provide an accounting of the alleged debt or how the amount was calculated, the interest rate, what was purchased or what created the alleged debt or if Plaintiff ever allegedly agreed to pay anything.

110. Defendants' state complaint indicates an amount that is not supported by any accounting and contains hearsay facts.

111. Plaintiff never had an account with Defendants and never received any benefit from Defendant.

112. Validation of debts 15 U.S.C. 1692g

(b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

113. Defendants received Plaintiff's Notice of Dispute and debt validation requests since April 2012 and to date have not responded. If CAVALRY and APA had responded to Plaintiff's

debt validation request in April 2012, it would have noticed that their exhibits did not match the state complaint.

WHEREFORE, Plaintiff demands judgment for damages against Defendant CAVALRY PORTFOLIO SERVICES, LLC, CAVALRY SPV I, LLC, Michael S. Godner,  ANDREU, PALMA, ANDREU, PL, Juan G. Andreu, Jorge L. Palma, Desiree M. Andreu, and Yulexy Solis Garcia for actual damages as they may bear and/or statutory damages, punitive damages, declaratory and injunctive relief, attorney's fees and costs, pursuant to FDCPA 15 U.S.C. §1692k and other damages if the state case succeeds and awarding such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted this 21st day of January 2016.

_____
Juan M. Urbina Jr.
*Pro Se*
9112 Limetree Lane
Pembroke Pines, FL  33024

# EXHIBIT A

# 2010 UNSIGNED STATE COMPLAINT

IN THE COUNTY COURT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

Cavalry Portfolio Services LLC,
     Plaintiff,

                            CASE NO: 10 -18876 -CC - a5 / 04

vs.
                            Division: _____

JUAN M URBINA JR ,
     Defendant,

_____/

## SUMMONS

THE STATE OF FLORIDA:

TO EACH SHERIFF OF THE STATE: You are hereby commanded to serve this Summons and a copy of the Complaint or Petition in this action on the Defendant:

                    JUAN M URBINA JR
                    1895 VENICE PARK DR
                    Miami FL 33162

                            JAN 2 7 2012

WITNESS my hand and the seal of said Court on this _____ day of _____ , 20_____.

                            Clerk of the Circuit Court

                            by: **ANNACLETTE HOBBS**
                                  Deputy Clerk

### IMPORTANT

    A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the Clerk of this Court located at 73 West Flagler Street, Miami, FL 33130. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response with the Clerk of the Court, you must also mail or take a copy of your written response to the "Plaintiff/Plaintiffs Attorney" named below:

Yulexy Solis Garcia, Esq. - FBN 91230
701 SW27th Ave., Ste 900
Miami, FL 33135

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Persons with a disability who need any accommodation in order to participate should call ADA Coordinator, MIAMI-DADE County Courthouse, 73 West Flagler Street, Miami, FL 33130 at 305/275-1155 within two (2) working days of your receipt of this notice; if you are hearing impaired call (800) 955-8771; if you are voice impaired, call (800) 955-8770.**

                          Server: ___ ID# 1461
                          Month: 3 Day: 23
                          Year: 2012 Time: 8:00

10CC063

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea quo el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado do sus ingresos, dinero y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal (Legal Aid Office) o un servicio de referencia de abogados (Attorney Referral Service) que aparecen en la guia telefonica. Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar a mano una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante) y presentar su contestacion a la demanda al Secretario del Juzgado.

## IMPORTANT

Des poursuites judiciaires ont ete enterprises contre vous. Vous avez 20 jours consecutifs a partir a de la date de l'assignation de cette citation pour deposer une reponse ecrite a la Plainte ci-jointe aupres de ce tribunal. Un simole coup do telephone est insoffisant pour vous proteger. Vous etes obliges de deposer votre response ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas aotre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, aucun preavis du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediates d'un avocat. Si vous no connaissez pas d'avoeat, vous pourriez telephoner a un service reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones). Si vóus choisissez de deposer vous-meme, une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de voter reponse ecrite au "Plaintiff/Plaintiffs Attorney" (Plaignant ou a son avocat) nomme ci dessous et enregister votre reponse avec le Greffier du Tribunal.

IN THE COUNTY COURT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO:

Cavalry Portfolio Services LLC.

Plaintiff,

COMPLAINT FOR DAMAGES
vs.                                                      ATTORNEY BAR NO: 068452

JUAN M URBINA JR .

Defendant(s).
_____/

Plaintiff Cavalry Portfolio Services LLC complains of Defendant(s), JUAN M URBINA JR . and would respectfully show the following:

### JURISDICTION

1.      This is an action for damages that are within the jurisdictional limits of this court exclusive of interest and costs.

### SERVICE

2.      Defendant(s) may be served at the address listed on the court summons.

### VENUE

3.      Venue of this action is proper in the county named above because the Defendant(s) is/are a resident(s) of this county.

### FACTS

4.      FIA Card* Bank of America ("the Issuer") issued a credit card in Defendant(s)' name under its account number ████████████ Defendant(s) received and used (or authorized the use of) the card and thereby became obligated to pay for the charges incurred with the card.

5.      On or about 30 days from the date of the last payment, which was April 29, 2009, Defendant(s) defaulted on the obligation to make monthly payments on the credit card account.

and the card was subsequently canceled. The entire balance on the credit card account is presently due and payable in full.

6.    The credit card account was charged off to profit and loss by the Issuer. Thereafter, the account was sold to Plaintiff. The total account balance purchased by Plaintiff was $12,455.28.

### FIRST CAUSE OF ACTION – BREACH OF CONTRACT

7.    The issuance of a credit card constitutes the offer of a contract. *See, e.g., Bank One, Columbus, N.A. v. Palmer*, 63 Ohio App. 3d 491, 492, 579 N.E.2d 284, 285 (Ohio Ct. App. 1989). The use of the credit card constitutes the acceptance of the offer of credit. *Feder v. Fortunoff*, 474 N.Y.S. 2d 937 (N.Y. 1984), *citing Empire Nat'l Bank v. Monahan*, 82 Misc. 2d 808, 370 N.Y.S.2d 840 (N.Y. County Ct. 1975).

8.    By using and/or authorizing the use of the credit card Defendant(s) accepted the contract with the Issuer and became bound to pay for all charges incurred with the credit card.

9.    The Issuer sent to Defendant(s) monthly bills reflecting, *inter alia,* all charges incurred with the credit card, the monthly payment due, and the total balance due. To the best of Plaintiff's knowledge and belief Defendant(s) did not ever send to the Issuer any disputes of the monthly bills or the charges reflected thereon. Each monthly statement informed Defendant(s) of the duty to submit any disputes of the charges set forth in such statement, in writing, within sixty days from the date of the statement. Defendant(s)' failure to submit such disputes constitutes an admission of the account balance. *See, e.g., American Express Travel Related Servs. v. Silverman*, 2006 Ohio 6374, 2006 Ohio App. LEXIS 6327 (Ohio Ct. App. Dec. 5, 2006).

10.    Defendant(s) defaulted in the payment obligation on the credit card. Such breach of contract proximately caused the Issuer damages in the amount of the balance due on the credit

card account. That obligation has been assigned to Plaintiff, who is the party entitled to enforce the contract and receive payment of the credit card balance.

11.     Defendant(s) is/are presently indebted to Plaintiff in the amount of $12,455.28, that being the balance due through the date the account was charged-off. Plaintiff is also entitled to recover contractual interest at the rate provided for in the contract with Defendant(s) or the monthly statements. *See Olvera v. Blitt & Gaines, P.C.*, 431 F.3d 285 (7th Cir. 2005). Plaintiff seeks judgment for such sums, together with post-judgment interest at the maximum rate allowed by law.

## SECOND CAUSE OF ACTION – UNJUST ENRICHMENT

12.     In the alternative, and without waiving the foregoing, Defendant(s) received and used (or authorized the use of) the credit card knowing that the Issuer expected to be repaid for all charges incurred with the card, together with interest thereon. With each use of the credit card the Issuer paid money on Defendant(s)' behalf to the merchant with whom the credit card was used. Defendant(s) is/are liable for repayment of such sums under the doctrine of unjust enrichment.

13.     Plaintiff is the assignee of the Issuer's right to be repaid by Defendant(s) for such money had and received, and it is entitled to recover from Defendant(s) the sum of $12,455.28, that being the balance due through the charge-off date.   Plaintiff is also entitled to recover contractual interest at the rate provided for in the Issuer's contract with Defendant(s) and/or the account statements, *See Olvera v. Blitt & Gaines, P.C.*, 431 F.3d 285 (7th Cir. 2005) or at the legal rate.   Plaintiff seeks judgment for such sums, together with post-judgment interest at the maximum rate allowed by law.

## THIRD CAUSE OF ACTION – ACCOUNT STATED

14.     In the alternative, and without waiving the foregoing, Plaintiff asserts that Defendant(s)' use of the credit card to purchase goods and services represented a periodic

account, for which the issuer generated regular monthly statements. Defendant(s) is/are liable to Plaintiff, the assignee of the account, for the account balance, together with interest thereon at the rate allowed by law.

## CONDITIONS PRECEDENT

15.     Through its undersigned attorney Plaintiff has demanded payment from Defendant(s), but Defendant(s) has/have not satisfied such demand.  Plaintiff has performed all conditions precedent to the filing of this action, or all such conditions precedent have occurred.

## NATIONAL BANKING ACT

16.     The issuer, FIA Card* Bank of America, is a National Bank as defined by 12 U.S.C. Sec. 85 and therefore "may take, receive, reserve, and charge on any loan or discount made, or upon any notes, bills of exchange, or other evidences of debt, interest at the rate allowed by the laws of the State, Territory, or District where the bank is located."

WHEREFORE, premises considered, Plaintiff prays that Defendant(s) be summoned to appear, and that upon entry of default or final hearing, Plaintiff have judgment against Defendant(s) for:

a.     $12,455.28, which is the balance due on the credit card as of the date of Plaintiff's purchase of the account;

b.     contractual interest from that date through date of judgment;

c.     post-judgment interest at the maximum rate allowed by law;

d.     all costs of court; and

e.     all such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

Law Offices of Andreu, Palma & Andreu, PL
Attorneys for Plaintiff
701 SW 27th Avenue, Ste. 900
Miami, FL 33135
Tel. (305) 631-0175
Fax. (305) 631-1816



**EXHIBIT C**

<u>BILL OF SALE AND ASSIGNMENT OF LOANS</u>

The undersigned Assignor ("<u>Assignor</u>") on and as of the date hereof hereby absolutely sells, transfers, assigns, sets-over, quitclaims and conveys to Cavalry SPV I, LLC a limited liability company organized under the laws of Delaware ("<u>Assignee</u>") without recourse and without representations or warranties of any type, kind, character or nature, express or implied, subject to Buyer's repurchase rights as set forth in Sections 8.1 and 8.2, all of Assignor's right, title and interest in and to each of the loans identified in the loan schedule ("<u>Loan Schedule</u>") attached hereto (the "<u>Loans</u>"), together with the right to all principal, interest or other proceeds of any kind with respect to the Loans remaining due and owing as of the Cut-Off Date applicable to such Loans as set forth in the Loan Sale Agreement pursuant to which the Loans are being sold (including but not limited to proceeds derived from the conversion, voluntary or involuntary, of any of the Loans into cash or other liquidated property).

DATED:  January 25, 2010.

ASSIGNOR: FIA CARD SERVICES, N.A.

Name:  Debra L Pellicciaro
Title:   Assistant Vice President

Fax: 302-458.0438

Bank of America, Asset Sales
Deerfield III. 855 Paper Mill Road, Newark  DE  19711

Recycled Paper

# EXHIBIT B


# DOCKET FOR STATE CASE

Home (http://www.miami-dadeclerk.com/home.asp)
Online Services (http://www.miami-dadeclerk.com/online_services.asp)
About Us (http://www.miami-dadeclerk.com/about.asp)   Contact Us (http://www.miami-dadeclerk.com/contact.asp)
My Account (http://www2.miami-dadeclerk.com/PremierServices/login.aspx)

 

# Miami-Dade County Civil, Family and Probate Courts Online System

◀◀ Back to Results

## CAVALRY SPV I LLC VS URBINA, JUAN M (JR)

**Local Case Number:** 2010-018876-CC-05

**Filing Date:** 11/17/2010

**State Case Number:** 132010CC018876000005

**Case Type:** Contract and Indebtedness ($5,001 - $15,000)

**Consolidated Case No.:** N/A

**Judicial Section:** CC04

**Case Status:** OPEN

---

### 👥 Parties                                   Number of Parties: 2 ▬

| Party Description | Party Name | Attorney Information | Other Attorney(s) |
|---|---|---|---|
| Defendant | Urbina, Juan M (Jr) | | |
| Plaintiff | Cavalry SPV I LLC | *B#: (Bar Number)*68452<br>*N: (Attorney Name)*Cepero, Diamelyn | |

---

### 🔧 Hearing Details                            Number of Hearing: 5 

## 🔊 Dockets

Dockets Retrieved: 54   ▬

| | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|
| | 01/28/2016 | | 5 Minute Motion Calendar | Hearing | **(10:30AM) PLTF SET: DMDIS (YULEXY SOLIS GARCIA, ESQ.)** |
| 📄 | 12/22/2015 | | Notice of Hearing- | Event | **01/28/2016** |
| | 12/18/2015 | | Request for Admissions | Event | |
| | 12/18/2015 | | Request for Production | Event | |
| | 12/18/2015 | | Notice of Interrogatory | Event | |
| | 12/11/2015 | | Motion to Dismiss | Event | *Parties: Urbina Juan M (Jr)* |
| 📄 | 12/11/2015 | | Motion: | Event | **DEFENDANTS MOTION IN OPPOSITION TO EXHIBITS ATTACHED TO FIRST AMENDED COMPLAINT** |
| | 11/18/2015 | | Complaint | Event | |
| 📄 | 11/18/2015 | | Notice of Confidential Information Within Court Filing | Event | |
| 📄 | 11/04/2015 | | Memorandum of Disposition | Event | |
| 📄 | 11/04/2015 | | Order Denying Motion to Dismiss | Event | |
| | 11/03/2015 | | 5 Minute Motion Calendar | Hearing | **Y SOLIS ESQ PLTF SET: DMDIS AMENDED** |
| 📄 | 10/29/2015 | | Request: | Event | **FOR HEARING** |
| 📄 | 10/29/2015 | | Motion: | Event | **TO TAKE JUDICIAL NOTICE** |
| 📄 | 07/15/2015 | | Notice of Hearing- | Event | **11/03/2015** |
| 📄 | 07/02/2015 | | Motion: | Event | **DN'S AMENDED MOTION TO DISMISS COMPLAINT** |

| | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|
| 📄 | 06/12/2015 | | Text | Event | **DEFENDANT'S OPPOSITIONTO PLAINTIFF'S MOTION TO SUBSTITUTE PARTY** |
| | 06/10/2015 | | Request for Hearing | Event | |
| | 06/10/2015 | | Response: | Event | **DN'S OPPOSITION TO PN'S MOTION TO SUBSTITUTE PARTY** |
| | 06/10/2015 | | Motion: | Event | **DN'S REQUEST FOR HEARING** |
| 📄 | 06/08/2015 | | Notice: | Event | **OF PROOF OF SERVICE** |
| 📄 | 06/05/2015 | | Order: | Event | **GRANTING DEFT'S MOTION TO AMEND ITS MOTION TO DISMISS** |
| | 06/02/2015 | | Substitution of Party - Plaintiff | Event | **CAVALRY SPV I LLC FOR CAVALRY PORTFOLIO SVCS** |
| 📄 | 06/02/2015 | | Order: | Event | **GRANTING PLT'S MTN TO SUBSTITUTE PARTY PLAINTIFF** |
| 📄 | 05/30/2015 | | Motion: | Event | **TO SUBSTITUTE PARTY PLAINTIFF** |
| 📄 | 05/27/2015 | | Response: | Event | **DEFENDANTS RESPONSE TO PLAINTIFS CASE LAW** |
| 📄 | 05/21/2015 | | Notice of Filing: | Event | **CASE LAW IN COMPLIANCE W/COURT ORDER OF MAY 19, 2015** |
| 📄 | 05/19/2015 | | Memorandum of Disposition | Event | |
| 📄 | 05/19/2015 | | Order: | Event | **ON DEFT'S MTN TO DISMISS** |
| | 05/19/2015 | | 5 Minute Motion Calendar | Hearing | **MDIS - CALLED BY REBECA\|NOOC** |
| 📄 | 04/15/2015 | | Motion: | Event | **FOR LEAVE TO AMEND MOTION TO DISMISS** |
| 📄 | 04/15/2015 | | Motion: | Event | **AMENDED MOTION TO DISMISS COMPLAINT** |
| 📄 | 04/15/2015 | | Motion: | Event | **FOR HEARING** |
| 📄 | 02/05/2015 | | Notice of Hearing- | Event | **SPECIAL APPT 05/19/2015 09:30 AM** |

| Date | Book/Page | Docket Entry | Event Type | Comments |
|------|-----------|--------------|------------|----------|
| 02/05/2015 | | Notice of Hearing Set- | Event | **MOTIONS 05/19/2015 09:45AM LS:05/04** |
| 01/02/2014 | | Notice: | Event | **CONFIRDENTIAL INFO IN COURT FILING** |
| 01/02/2014 | | Notice of Filing: | Event | **ACCOUNT SETTLEMENT** |
| 11/14/2012 | | Notice of Filing: | Event | **ACCOUNT STATEMENTS** |
| 11/14/2012 | | Notice: | Event | **OF CONFIDENTIAL INFORMATION WITHIN COURT FILING** |
| 10/29/2012 | | Motion to Dismiss | Event | |
| 10/29/2012 | | Motion to Dismiss | Event | **COMPLAINT FOR FAILURE TO STATE A CAUSE OF ACTION** |
| 10/11/2012 | | Order: | Event | **GRANTING MOTION FOR EXTENSION OF TIME** |
| 10/09/2012 | | Special Sets | Hearing | |
| 10/09/2012 | | 5 Minute Motion Calendar | Hearing | |
| 08/20/2012 | | Notice of Hearing- | Event | **SPECIAL APPT 10/09/2012 10:30 AM** |
| 08/06/2012 | | Notice of Hearing Set- | Event | **MOTIONS 10/09/2012 10:30AM LS:05/04** |
| 04/23/2012 | | Notice of Filing: | Event | **ACCT.STMT,CHAIN OF TITLE & REDACTED EXHIBIT** |
| 04/20/2012 | | Service Returned | Event | **BADGE # 1461 P 03/23/2012** *Parties: Urbina Juan M (Jr)* |
| 04/10/2012 | | Notice: | Event | **OF DISPUTE** |
| 04/10/2012 | | Motion for Extension of Time | Event | |
| 01/03/2011 | | Summons Returned - No Service | Event | *Parties: Urbina Juan M (Jr)* |
| 11/17/2010 | | Request for Admissions | Event | |
| 11/17/2010 | | Summons Issued | Event | *Parties: Urbina Juan M (Jr)* |

| Date | Book/Page | Docket Entry | Event Type | Comments |
|------|-----------|--------------|------------|----------|
| 11/17/2010 | | Complaint | Event | $ 0.00 |

◄◄ Back to Results

**Please be advised:**

The Clerk's Office makes every effort to ensure the accuracy of the following information; however it makes no warranties or representations whatsoever regarding the completeness, accuracy, or timeliness of such information and data. Information on this website has been posted with the intent that it be readily available for personal and public non-commercial (educational) use and to provide the public with direct online access to information in the Miami-Dade Clerk's Office information systems. Other than making limited copies of this website's content, you may not reproduce, retransmit, redistribute, upload or post any part of this website, including the contents thereof, in any form or by any means, or store it in any information storage and retrieval system, without prior written permission from the Miami-Dade Clerk's Office.

If you are interested in obtaining permission to reproduce, retransmit or store any part of this website beyond that which you may use for personal use, as defined above, visit our Web API Services (https://www2.miami-dadeclerk.com/Developers). To review the complete Miami-Dade County Disclaimer, follow this link: http://www.miamidade.gov/info/disclaimer.asp (http://www.miamidade.gov/info/disclaimer.asp)

Online Case Home (default.aspx) |
Family Court Information (http://www.miami-dadeclerk.com/families_court.asp) |
Probate Court Information (http://www.miami-dadeclerk.com/families_probate.asp) |
Email (http://feedback.miamidade.gov/Community/se.ashx?s=57F314587A23E37E) |
Login (/PremierServices/login.aspx?ReturnUrl=https://www2.miami-dadeclerk.com/ocs/Search.aspx) |
Home (http://www.miami-dadeclerk.com/home.asp) |
Privacy Statement (http://www.miamidade.gov/info/privacy_and_security.asp) | (http://www.miamidade.gov)
Disclaimer (http://www.miamidade.gov/info/disclaimer.asp) |
Contact Us (http://www.miami-dadeclerk.com/contact.asp) |
About Us (http://www.miami-dadeclerk.com/about.asp) |
2015 Clerk of the Courts. All Rights reserved.

S0142976

# EXHIBIT C

## MAY 2015 CREDIT REPORT SHOWING DISPUTE

## FROM MAY 2012

**CAVALRY PORTFOLIO SERVICE**

Address:
500 SUMMIT LAKE DR
VALHALLA, NY 10595
(800) 501-0909

Account Number:
13832917

Original Creditor:
BANK OF AMERICA

Address Identification Number:
0072162696

Status:  Collection account. $12,455 past due as of May 2015.

Status Details:  This account is scheduled to continue on record until Apr 2016.
This item was updated from our processing of your dispute in May 2012.

Date Opened:
01/2010

Type:
Collection

Credit Limit Original Amount:
$12,455

Reported Since:
03/2010

Terms:
1 Months

High Balance:
NA

Date of Status:
03/2010

Monthly Payment:
$0

Recent Balance:
$12,455 as of 05/2015

Last Reported:
05/2015

Responsibility:
Individual

Recent Payment:
$0

Your Statement:

Account information disputed by consumer (Meets requirement of the Fair Credit Reporting Act).

Payment History:

| | | | | 2014 | | | | | | | | | | | 2013 | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2015 | | | | | | | | | | | | | | | | |
| MAY | APR | MAR | FEB | JAN | DEC | NOV | OCT | SEP | AUG | JUL | JUN | MAY | APR | MAR | FEB | JAN | DEC | NOV |
| C | C | C | C | C | C | C | C | C | C | C | C | C | C | C | C | C | C | C |

| | | | | | | | | 2012 | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| OCT | SEP | AUG | JUL | JUN | MAY | APR | MAR | FEB | JAN | DEC | NOV | OCT | SEP | AUG | JUL | JUN | MAY | APR |
| C | C | C | C | C | C | C | C | C | C | C | ND | ND | C | C | C | C | C | ND |

| | | 2011 | | | | | | | | | | | | | 2010 | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| MAR | FEB | JAN | DEC | NOV | OCT | SEP | AUG | JUL | JUN | MAY | APR | MAR | FEB | JAN | DEC | NOV | OCT | SEP |
| C | C | ND | C | C | C | C | C | C | C | C | C | C | C | C | C | C | ND | C |

| AUG | JUL | JUN | MAY | APR | MAR |
|---|---|---|---|---|---|
| C | ND | C | C | C | C |

Account History:

Collection as of Nov 2012 to May 2015, May 2012 to Sep 2012, Mar 2012, Feb 2012, Dec 2011, Nov 2010 to Nov 2011, Sep 2010, Aug 2010, Jun 2010, Mar 2010 to May 2010

# EXHIBIT D


# MOTION TO SUBSTITUTE PLAINTIFF

IN THE COUNTY COURT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO: 10-18876CC05/04

Cavalry Portfolio Services LLC ,
                Plaintiff,

vs.    <u>PLAINTIFF</u>

<u>MOTION TO SUBSTITUTE PARTY</u>

JUAN M URBINA JR
                Defendant(s)

_____

COMES NOW the Plaintiff by and through its undersigned counsel and files this its Motion to Substitute Party Plaintiff in accordance with Florida Rule of Civil Procedure 1.260(c) and as grounds therefore would show the Court as follows:

1.    On or about January 25, 2010, the Plaintiff transferred all rights, title and interest in the subject account to Cavalry SPV I, LLC.

2.    Cavalry SPV I, LLC is the current owner of the subject account.

3.    Cavalry Portfolio Services LLC must be substituted by Cavalry SPV I, LLC in order to reflect the proper Plaintiff on all subsequent and future pleadings.

4.    The Defendant shall not be prejudiced by the substitution of parties in this action to reflect the current owner of the account and holder of the subject suit.

WHEREFORE Plaintiff respectfully requests that this court enter an order substituting the Plaintiff by interliniation to reflect the current and proper Plaintiff, Cavalry SPV I, LLC and any other and further relief the Court deems just and proper.

<u>CERTIFICATE OF SERVICE</u>

I CERTIFY that a true and correct copy of the foregoing was furnished by( mail, ( ) email, ( ) fax this _____day of MAY 2 9 2013 , 20_____to: JUAN M URBINA JR, 9112 Limetree Lane, Hollywood FL 33024, (e-mail), (fax).

ANDREU, PALMA & ANDREU, PL
Attorneys Dedicated to Debt Collection
0 NW 57th Ct., Ste. 400
mi, FL 33126
Tel. (305) 631-0175
Fax (305) 631-1816

_____
Yuleyy Solis Garcia, Esq.
Bar No.: 91230
E-mails: pleadings3@andreupalma.com;ysolis@andreupalma.com

1000 NW 57th ct., Ste. 400 Miami,
FL 33126


By:


File # 10-24037

# EXHIBIT E

# DEBT VALIDATION LETTER NOVEMBER 10, 2015

9112 Limetree Lane
Pembroke Pines, FL  33024


November 10, 2015


Cavalry Portfolio Services, LLC
Cavalry SPV I, LLC
Michael S. Godner
Cavalry Portfolio Services
Andreu, Palma, Andreu , PL
Juan G. Andreu
Jorge L. Palma
Desiree M. Andreu
Yulexy Solis Garcia
c/o Andreu, Palma & Andreu, PL
1000 NW 57th Court, Suite 400
Miami, FL  33126

Re:  Debt Validation from Cavalry Portfolio Services and Cavalry SPV I, LLC

Via US Certified Mail #7013 2250 0002 1029 8099

To Whom It May Concern:

Be advised that this is not a refusal to pay, but a notice sent pursuant to the Fair Debt Collection Practices Act, 15 USC 1692g Sec. 809 (b) that your claim is disputed and validation is requested.

This is NOT a request for "verification" or proof of my mailing address, but a request for VALIDATION made pursuant to the above named Title and Section.  I respectfully request that your offices provide me with competent evidence that I have any legal obligation to pay you.

Please provide me with the following:

What the money you say I owe is for;

Explain and show me how you calculated what you say I owe;

Provide me with copies of any papers that show I agreed to pay what you say I owe;

Provide a verification or copy of any judgment if applicable;

Identify the original creditor and chain of title;

Prove the Statute of Limitations has not expired on this account;
Show me that you are licensed to collect in my state and;
Provide me with your license numbers and Registered Agent.

1

At this time I will also inform you that if your offices have reported invalidated information to any of the 3 major Credit Bureau's (Equifax, Experian or TransUnion) this action may constitute fraud under both Federal and State Laws.  Due to this fact, if any negative mark is found on any of my credit reports by your company or the company that you represent I will not hesitate in bringing legal action against you for the following:

Violation of the Fair Credit Reporting Act;
Violation of the Fair Debt Collection Practices Act and;
Defamation of Character.

If your offices are able to provide the proper documentation as requested in the following Declaration, I will require at least 30 days to investigate this information and during such time all collection activity must cease and desist.

Also during this validation period, if any action is taken which could be considered detrimental to any of my credit reports, I will consult with my legal counsel for suit.  This includes any listing any information to a credit reporting repository that could be inaccurate or invalidated or verifying an account as accurate when in fact there is no provided proof that it is.

If your offices fail to respond to this validation request within 30 days from the date of your receipt, all references to this account must be deleted and completely removed from my credit file and a copy of such deletion request shall be sent to me immediately.

I would also like to request, in writing, that no telephone contact be made by your offices to my home or to my place of employment.  If your offices attempt telephone communication with me, including but not limited to computer generated calls and calls or correspondence sent to or with any third parties, it will be considered harassment and I will have no choice but to file suit.  All future communications with me MUST be done in writing and sent to the address noted in this letter by USPS.

It would be advisable that you assure that your records are in order before I am forced to take legal action.  This is an attempt to correct your records and any information obtained shall be used for that purpose.

Best regards,

Juan M Urbina

2

English         Customer Service         USPS Mobile                                    Register / Sign In



# USPS Tracking®


Customer Service ›
**Have questions? We're here to help.**


Get Easy Tracking Updates ›
**Sign up for My USPS.**

Tracking Number: **70132250000210298099**

Expected Delivery Day: **Monday, November 16, 2015**

## Product & Tracking Information

**Available Actions**

**Postal Product:**
First-Class Mail®

**Features:**
Certified Mail™

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| **November 16, 2015 , 11:38 am** | Delivered | **MIAMI, FL 33126** |

Your item was delivered at 11:38 am on November 16, 2015 in MIAMI, FL 33126.

| | | |
|---|---|---|
| November 14, 2015 , 8:55 am | Business Closed | MIAMI, FL 33126 |
| November 13, 2015 , 5:25 pm | Departed USPS Facility | MIAMI, FL 33152 |
| November 12, 2015 , 10:24 pm | Arrived at USPS Facility | MIAMI, FL 33152 |
| November 12, 2015 , 6:16 pm | Departed Post Office | NORTH MIAMI BEACH, FL 33160 |
| November 12, 2015 , 5:25 pm | Acceptance | NORTH MIAMI BEACH, FL 33160 |

## Track Another Package

**Tracking (or receipt) number**

70132250000210298099

⌁ Track It

## Manage Incoming Packages

Track all your packages from a dashboard.
No tracking numbers necessary.

Sign up for My USPS ›



Search or Enter a Tracking Number   🔍

# EXHIBIT F

# AMENDED STATE COMPLAINT

IN THE COUNTY COURT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO:10-18876CC05/04

Cavalry SPV I, LLC.,

                    Plaintiff,

vs.                                          FIRST AMENDED
                                             COMPLAINT FOR DAMAGES
                                             ATTORNEY BAR NO: 91230

JUAN M URBINA JR ,

                    Defendant(s).
_____/

        Plaintiff Cavalry SPV I, LLC. complains of Defendant, JUAN M URBINA JR , and
would respectfully show the following:

## JURISDICTION

        1.      This is an action for damages that are within the jurisdictional limits of this court

exclusive of costs.

## SERVICE

        2.      Defendant may be served at the address listed on the court summons.

## VENUE

        3.      Venue of this action is proper in the county named above because the Defendant

was served as a resident of this county.

## FACTS

        4.      FIA Card Services, N.A., ("the Issuer") issued a credit card in Defendant(s)'

name.  Defendant received and used (or authorized the use of) the card and thereby became

obligated to pay for the charges incurred with the card.

        5.      On or about 30 days from the date of the last payment, which was April 29, 2009,

Defendant defaulted on the obligation to make monthly payments on the credit card account, and

the card was subsequently canceled.  The entire balance on the credit card account is presently due and payable in full.

6.      The credit card account was charged off to profit and loss by the Issuer. Thereafter, the account was sold to Plaintiff. The account balance due is $12,455.28.  Please see attached Exhibit "A" Bill of Sale.

7.      The issuance of a credit card constitutes an offer. *See, e.g., Bank One, Columbus, N.A. v. Palmer*, 63 Ohio App. 3d 491, 492, 579 N.E.2d 284, 285 (Ohio Ct. App. 1989). The use of the credit card constitutes the acceptance of the offer of credit. *Feder v. Fortunoff*, 474 N.Y.S. 2d 937 (N.Y. 1984), *citing Empire Nat'l Bank v. Monahan*, 82 Misc. 2d 808, 370 N.Y.S.2d 840 (N.Y. County Ct. 1975).

8.      By using and/or authorizing the use of the credit card Defendant became bound to pay for all charges incurred with the credit card.

9.      The Issuer sent to Defendant monthly bills reflecting, *inter alia*, all charges incurred with the credit card, the monthly payment due, and the total balance due.  To the best of Plaintiff's knowledge and belief Defendant did not ever send to the Issuer any disputes of the monthly bills or the charges reflected thereon.  Each monthly statement informed Defendant of the duty to submit any disputes of the charges set forth in such statement, in writing, within sixty days from the date of the statement.  Defendant's failure to submit such disputes constitutes an admission of the account balance.  *See, e.g., American Express Travel Related Servs. v. Silverman*, 2006 Ohio 6374, 2006 Ohio App. LEXIS 6327 (Ohio Ct. App. Dec. 5, 2006).

10.     Defendant defaulted in the payment obligation on the credit card. That obligation has been assigned to Plaintiff, who is the party entitled to enforce same and receive payment of the credit card balance.

11.     Defendant is presently indebted to Plaintiff in the amount of $12,455.28.  Plaintiff seeks judgment for such sums, together with post-judgment interest at the maximum rate allowed by law.

## FIRST CAUSE OF ACTION – ACCOUNT STATED

12.     Plaintiff asserts that Defendant's use of the credit card to purchase goods and services represented a periodic account, for which the Issuer generated regular monthly statements. Please see attached Exhibit 'B" Account Statements.

13.     By submitting the final payment in response to a statement rendered and delivered by Issuer, the Defendant has accepted the resulting balance.

14.     The Defendant failed to dispute the account or any charges within 60 days after receiving the account statements and has therefore agreed to the resulting balance.

15.     Defendant is liable to Plaintiff, the assignee of the account, for the account balance of $12,455.28.

## SECOND CAUSE OF ACTION – UNJUST ENRICHMENT

16.     In the alternative, and without waiving the foregoing, the Issuer conferred a benefit on the Defendant by providing a credit card pursuant to the Defendant's request.

17.     The Defendant received and used (or authorized the use of) the credit card knowing that the Issuer expected to be repaid for all charges incurred with the card.

18.     With each use of the credit card the Issuer paid money on Defendant's behalf to the merchants with whom the credit card was used.  It would be inequitable for the Defendant to retain the benefit without paying the value thereof.

19.     Plaintiff is the assignee of the Issuer's right to be repaid by Defendant for such money had and received, and it is entitled to recover from Defendant the sum of $12,455.28.

Plaintiff seeks judgment for such sums, together with post-judgment interest at the maximum rate allowed by law.

## CONDITIONS PRECEDENT

20.     Through its undersigned attorney Plaintiff has demanded payment from Defendant, but Defendant has not satisfied such demand.  Plaintiff has performed all conditions precedent to the filing of this action, or all such conditions precedent have occurred.

WHEREFORE, premises considered, Plaintiff prays that Defendant be summoned to appear, and that upon entry of default or final hearing, Plaintiff have judgment against Defendant for:

a.    $12,455.28, which is the balance due;

b.    post-judgment interest at the maximum rate allowed by law;

c.    all costs of court; and

d.    all such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

<u>CERTIFICATE OF SERVICE</u>

I CERTIFY that a true and correct copy of the foregoing was furnished by (✓) mail, ( ) e-mail, ( ) fax this _____ day of __**NOV 1 7 2015**__, 20_____ to: JUAN M URBINA JR, 9112 Limetree Lane, Hollywood FL 33024.

ANDREU, PALMA & ANDREU, PL
Attorneys Dedicated to Debt Collection
1000 NW 57th Ct., Ste. 400
Miami, FL 33126
Tel. (305) 631-0175
Fax (305) 631-1846

By: _____
Yulexy Solis, Esq.
Bar No.: 91230
E-mails: pleadings3@andreupalma.com;ysolis@andreupalma.com

10-24037

# EXHIBIT G

## IMPERMISSIBLE CREDIT PULL BY CAVALRY

## DURING LITIGATION ON APRIL 14, 2015

es listed below received your name, address and other limited information about you so they could make a firm offer of credit or insurance. They did not receive you
These inquiries are not seen by anyone but you and do not affect your score.

a company's inquiry in this section means that they obtained information from your credit file in connection with an account review or other business transaction with
es are not seen by anyone but you and will not be used in scoring your credit file (except insurance companies may have access to other insurance company inquiri
tion companies may have access to other collection company inquiries, and users of a report for employment purposes may have access to other employment inqu
ted by law).

**CAVALRY PORTFOLIO SVCS**
500 SUMMIT LAKE DR
STE 4A
VALHALLA, NY 10595
(800) 501-0909

**Requested On:** 04/14/2015

# EXHIBIT H

## DEBT VALIDATION LETTER DECEMBER 10, 2015

## INCLUDING REQUEST FOR REASON FOR

## UNAUTHORIZED CREDIT PULL

9112 Limetree Lane
Pembroke Pines, FL  33024


December 10, 2015


Cavalry Portfolio Services, LLC
Cavalry SPV I, LLC
Michael S. Godner
Andreu, Palma, Andreu , PL
Juan G. Andreu
Jorge L. Palma
Desiree M. Andreu
Yulexy Solis Garcia
c/o Andreu, Palma & Andreu, PL
1000 NW 57ᵗʰ Court, Suite 400
Miami, FL  33126

Re:  Debt Validation from Cavalry Portfolio Services and Cavalry SPV I, LLC

Via US Certified Mail #7013 2250 0002 1029 8167

To Whom It May Concern:

I am in receipt of your note and documents dated November 25, 2015 that you allege to be proof of a debt between Cavalry Portfolio Services and/or Cavalry SPV I, LLC and myself.  These documents do not answer any of the questions sent to you on November 10, 2015.  I expect a response to each of the items requested on that debt validation letter.  Alleged copies of pieces of information are not proof of anything.  Furthermore, I just found out that Cavalry pulled my credit report this year:

CAVALRY PORTFOLIO SVCS 500 SUMMIT LAKE DR
STE 4A
VALHALLA, NY 10595
(800) 501-0909
Requested On: 04/14/2015

Since I never had an account with Cavalry Portfolio and I am currently in litigation with it, what permissible purpose did it have to request my credit report?  I need that response included in your response to this letter.  It may be a violation of the following:

**15 U.S. Code § 1681q - Obtaining information under false pretenses**

**Any person who knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses shall be fined under title 18, imprisoned for not more than 2 years, or both.**

Be advised that this is not a refusal to pay, but a notice sent pursuant to the Fair Debt Collection Practices Act, 15 USC 1692g Sec. 809 (b) that your claim is disputed and validation is requested.

1

This is NOT a request for "verification" or proof of my mailing address, but a request for VALIDATION made pursuant to the above named Title and Section. I respectfully request that your offices provide me with competent evidence that I have any legal obligation to pay you.

**Please provide me with the following:**

**What the money you say I owe is for;**

**Explain and show me how you calculated what you say I owe;**

**Provide me with copies of any papers that show I agreed to pay what you say I owe;**

**Provide a verification or copy of any judgment if applicable;**

**Identify the original creditor and chain of title;**

**Prove the Statute of Limitations has not expired on this account;**

Show me that you are licensed to collect in my state and;

Provide me with your license numbers and Registered Agent.

At this time I will also inform you that if your offices have reported invalidated information to any of the 3 major Credit Bureau's (Equifax, Experian or TransUnion) this action may constitute fraud under both Federal and State Laws. Due to this fact, if any negative mark is found on any of my credit reports by your company or the company that you represent I will not hesitate in bringing legal action against you for the following:

Violation of the Fair Credit Reporting Act;
Violation of the Fair Debt Collection Practices Act and;
Defamation of Character.

If your offices are able to provide the proper documentation as requested in the following Declaration, I will require at least 30 days to investigate this information and during such time all collection activity must cease and desist.

Also during this validation period, if any action is taken which could be considered detrimental to any of my credit reports, I will consult with my legal counsel for suit. This includes any listing any information to a credit reporting repository that could be inaccurate or invalidated or verifying an account as accurate when in fact there is no provided proof that it is.

If your offices fail to respond to this validation request within 30 days from the date of your receipt, all references to this account must be deleted and completely removed from my credit file and a copy of such deletion request shall be sent to me immediately.

I would also like to request, in writing, that no telephone contact be made by your offices to my home or to my place of employment. If your offices attempt telephone communication with me, including but not limited to computer generated calls and calls or correspondence sent to or with any third parties, it will be considered harassment and I will have no choice but to file suit. All future communications with me MUST be done in writing and sent to the address noted in this letter by USPS.

2

It would be advisable that you assure that your records are in order before I am forced to take legal action. This is an attempt to correct your records and any information obtained shall be used for that purpose.

Best regards,

Juan M Urbina

3

English          Customer Service       USPS Mobile                                                    Register / Sign In



# USPS Tracking®



Customer Service ›
**Have questions? We're here to help.**



Get Easy Tracking Updates ›
**Sign up for My USPS.**

Tracking Number: **70132250000210298167**

Expected Delivery Day: **Monday, December 14, 2015**

## Product & Tracking Information

| Postal Product: | Features: |
| --- | --- |
| First-Class Mail® | Certified Mail™ |

**Available Actions**

Text Updates

Email Updates

| DATE & TIME | STATUS OF ITEM | LOCATION |
| --- | --- | --- |
| **December 14, 2015 , 11:06 am** | Delivered | **MIAMI, FL 33126** |

Your item was delivered at 11:06 am on December 14, 2015 in MIAMI, FL 33126.

| December 12, 2015 , 3:39 am | Departed USPS Facility | MIAMI, FL 33152 |
| December 12, 2015 , 2:34 am | Arrived at USPS Facility | MIAMI, FL 33152 |
| December 11, 2015 , 6:00 pm | Departed Post Office | MIAMI BEACH, FL 33154 |
| December 11, 2015 , 2:57 pm | Acceptance | MIAMI BEACH, FL 33154 |

## Track Another Package

**Tracking (or receipt) number**

70132250000210298167                                    ‹ Track It

## Manage Incoming Packages

Track all your packages from a dashboard.
No tracking numbers necessary.

Sign up for My USPS ›



Search or Enter a Tracking Number   🔍